UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SANDRA VELEZ,

                CASE NO.: 1:15-cv-04752-PKC-CLP

        Plaintiff,

   -against-

CREDIT ONE BANK,

        Defendant.
-------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY

Plaintiff, Sandra Velez, by and through her counsel, Kimmel & Silverman, P.C., respectfully submits this Memorandum of Law in Opposition to Defendant's Motion to Compel Arbitration and Stay. For the reasons set forth below, the Court should deny Defendant's Motion.

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff commenced this lawsuit against the Defendant on August 14, 2015, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"). See Docket Entry No. 1. On September 9, 2015, Defendant filed the present Motion. See Docket Entry No. 3. For the following reasons, Defendant's motion should be denied:

    (1)    Defendant has the burden of establishing, by competent evidence, the existence of a valid and binding contract and that Plaintiff agreed to the terms upon which Defendant relies in its assertion that Plaintiff is subject to arbitration. The standard applied to Defendant's motion is the same

1

standard as that on a Rule 56 summary judgment motion. Defendant has failed to meet its burden to establish the existence of a binding and enforceable arbitration contract between Plaintiff and Credit Once.

(2) Defendant has failed to produce any evidence that Plaintiff was put on notice of the existence of any arbitration agreement; and

(3) Any existing arbitration clause is unconscionable.

## II. STANDARD OF REVIEW

Whether a dispute is arbitrable comprises two questions: "(1) whether there exists a valid agreement to arbitrate at all under the contract in question ... and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." See Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp., 246 F.3d 219, 226 (2d Cir. 2001) (citing National Union Fire Ins. Co. v. Belco Petroleum Corp., 88 F.3d 129, 135 (2d Cir.1996)). "[T]he court applies a standard similar to that applicable for a motion for summary judgment." Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir.2002). The district court may rule on the motion if "undisputed facts in the record" establish that the parties did (or did not) have a valid agreement to arbitrate the controversy. Id. But, if there are "one or more genuine issues of material fact regarding whether the parties have entered into such an agreement," additional fact-finding is required before the court can rule on arbitrability. Schnabel v. Trilegiant Corp., 697 F.3d 110, 118 (2d Cir. 2012). Further, in the absence of an agreement by the parties to submit the matter of arbitrability to the arbitrator, the question of whether or not a dispute is arbitrable is one for the court. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995). Among "questions of arbitrability" presumptively reserved for a court, the Supreme Court has identified "dispute[s] about whether the parties are bound by a given arbitration

clause." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002).

Despite the "liberal federal policy favoring arbitration agreements," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); "[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." BG Grp., PLC v. Republic of Argentina, 134 S. Ct. 1198, 1206, (2014) (quoting Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960)). "[U]nless the parties clearly and unmistakably provide otherwise," the decision as to whether the parties have submitted a dispute to arbitration is a question for the Court. Howsam at 83.

As discussed below, Plaintiff has stated a claim for relief under the TCPA, and Defendant has failed to present evidence sufficient to carry its burden of proving the existence of an enforceable agreement to arbitrate. Accordingly, Defendant's Motion to Compel Arbitration and to Stay should be denied.

### III. ARGUMENT

#### A. Defendant has failed to meet its evidentiary burden to prove the existence of an enforceable arbitration agreement.

It is well established that arbitration is contractual in nature. The United States Supreme Court has held that, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." Mitsubishi Motors v. Soler Chrysler-Plymouth, 473 U.S. 614, 626 (1985). Whether an agreement to arbitrate exists is to be decided based on normal contract formation and construction principles. Granite Rock Co. v. Int'l Bhd of Teamsters, 130 S. Ct. 2847, 2855-56 (2010) (When deciding whether the parties agreed to arbitrate a certain matter…courts generally…should apply ordinary…principles that govern the formation of contracts," citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. at

3

944). Normal rules of contract formation and construction are not displaced by the Federal Arbitration Act. Indeed, "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." See Granite Rock Co., 130 S. Ct. at 2855-56, citing to AT & T Technologies, Inc. v. Commun. Workers of Am., 475 U.S. 643, 648 (1986). As such parties cannot be compelled to arbitrate absent an agreement to do so. See Granite Rock Co., 130 S. Ct. at 2856, and See Century Indem. Co. v. Certain Underwriters at Lloyd's, London subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646, 584 F.3d 513, 524 (3d Cir. 2009), citing U.S. Small Bus. Admin. V. Chimicles, 447 F.3d 207, 209 (3d Cir. 2006). Consequently, in determining whether there is an agreement between the parties to arbitrate a claim, the Court must apply normal contract formation and construction principles. As discussed below there is no credible or convincing evidence to support Defendant's contention that there exists a binding and enforceable contract to arbitrate.

Because arbitration agreements are fundamentally contracts, the enforceability of an arbitration agreement is reviewed according to the applicable state law for contract formation. See Seawright v. Am. Gen. Fin. Servs., Inc., 507 F.3d 967, 972 (6th Cir. 2007). The United States Supreme Court has repeatedly directed that "[i]n areas of traditional state regulation, we assume that a federal statute has not supplanted state law unless Congress has made such an intention 'clear and manifest.'" Bates v. Dow Agrosciences, 544 U.S. 431, 448-449 (2005) (internal citations omitted). .

In determining whether the parties entered into a valid agreement to arbitrate, courts "turn to 'ordinary state law principles that govern the formation of contracts.'" Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir.2009) (quoting First Options of Chic., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). The United States Supreme Court has repeatedly

directed that "[i]n areas of traditional state regulation, we assume that a federal statute has not supplanted state law unless Congress has made such an intention 'clear and manifest.'" Bates v. Dow Agrosciences, 544 U.S. 431, 448-449 (2005) (internal citations omitted). Here as it is undisputed that Plaintiff is a Pennsylvania resident; Pennsylvania law must govern whether a contract with an arbitration clause exists.

New York contract principles require quite clearly that both parties intend to be bound to the contract. "To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound (22 NY Jur 2d, Contracts § 9). That meeting of the minds must include agreement on all essential terms (*id.* § **4 31)." Kowalchuk v. Stroup, 873 N.Y.S.2d 43 (N.Y. App. Div. 1st Dept. 2009). Also, the party who contests the making of such an agreement has the right to have the issue presented to a jury. "The Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.,* enables the enforcement of a contract to arbitrate, but requires that a court shall be 'satisfied that the making of the agreement for arbitration ... is not in issue' before it orders arbitration…In the event that the making of the arbitration agreement is in issue, then 'the court shall proceed summarily to the trial' of that issue…The party who is contesting the making of the agreement has the right to have the issue presented to a jury." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771 (3d Cir. 2013), citing Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980).

Defendant has failed to present sufficient evidence that Plaintiff knowingly agreed to arbitration. Defendant has produced evidence of two documents allegedly mailed to Plaintiff. With respect to the first, Defendant relies on the affidavit of Gary Harwood, Vice President of Portfolio Services at Credit One Bank, N.A., who states that "[o]n or about February 13, 2015,

5

Plaintiff was sent a written solicitation for a pre-approved credit card with a unique reservation number…." The reservation number was SD11-6G22-98MD" and an "exemplar" of the solicitation sent to Plaintiff, that does not contain Plaintiff's name, address, solicitation number or signature. See Docket Entry No. 7-1.

Further, Exhibit A-1 does not contain any evidence of the terms and conditions to which Plaintiff agreed. With respect to the issue of arbitration, Exhibit A-1 merely states: "You and we agree that either you or we may without the other's consent require that any dispute between you and us be submitted to mandatory binding arbitration. A more detailed description of this Arbitration Agreement will be sent with your card." See Docket No. 7, Exhibit A-1, page 8. Even assuming Plaintiff signed and returned to Credit One a document similar to Exhibit A-1, Defendant would not have presented sufficient evidence to prove under New York law that Plaintiff knew of this language, and agreed to it. The attached document in the Exhibit neither provides sufficient language for Plaintiff and Defendant to have arrived at a meeting of the minds, nor indicates that Plaintiff accepted this language and intended to be bound to a clause that was not defined in the application. Because Defendant has failed to provide any evidence as to Plaintiff's understanding and acceptance of its arbitration clause Defendant's motion should be denied.

    **B.**    **Assuming arguendo that Defendant has proven the existence of an enforceable contract, the arbitration clause is unconscionable.**

Even if an arbitration clause made its way to Plaintiff, such clause is unconscionable and therefore unenforceable. Under New York law, procedural unconscionability, exists by looking at "an examination of the contract formation process and the alleged lack of meaningful choice" In re Conifer Realty LLC (EnviroTech Services, Inc.), 964 N.Y.S.2d 735, 739 (N.Y. App. Div.

3d Dept. 2013) (citing (*Gillman v. Chase Manhattan Bank,* 73 N.Y.2d at 10–11, 537 N.Y.S.2d 787, 534 N.E.2d 824). This mirrors decisions in other circuits, where "a contract or term is unconscionable, and therefore avoidable, where there was a lack of meaningful choice in the acceptance of the challenged provision and the provision unreasonably favors the party asserting it." See Hopkins v. New Day Fin., 643 F. Supp. 2d 704, 714 (E.D. Pa. 2009) citing *Salley v. Option One Mortgage Corp.,* 592 Pa. 323, 925 A.2d 115, 119 (2007).

Here, Defendant seeks to enforce a clause that is buried on the penultimate page of an adhesive contract full of convoluted legal terms in tiny print that requires Plaintiff to waive both statutory and constitutional rights. The design of the document is in no way calculated to reach a meeting of the minds between Defendant and a reasonable consumer with respect to its terms. Additionally, Plaintiff has no choice but to accept the arbitration clause should she want the agreement to be in effect. In another part of the contract the arbitration clause is described as discretionary rather than mandatory, stating that claims "may" be subject to mandatory arbitration not that they "will" be. Further, Defendant reserves itself the right to change any of the terms of the contract at any time, presumably even that of the arbitration clause, and grants no such right to Plaintiff. This type of unequal bargaining power rises to level of procedural unconscionability. Courts have denied enforcement of arbitration agreements when procedural unconscionability exists. "The facts confirmed that plaintiffs did not have an opportunity to read and review the agreement, consult counsel or negotiate any changes before signing the document. Hopkins v. New Day Fin., 643 F. Supp. 2d 704 at 717, citing Lucey v. FedEx Ground Package Systems, Inc., 305 Fed. Appx. 875 (3rd Cir. 2009).

Assuming that it was received at all, viewing all facts in the light most favorable to the Plaintiff and making all reasonable inferences in her favor, the evidence presented by Defendant

is insufficient to find an enforceable agreement.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant has failed to meet its burden under Fed. R. Civ. P. 56 to establish the formation and existence of an enforceable arbitration contract. Consequently the Court should deny Defendant's Motion.

             Respectfully submitted,

             By: /s/ *Craig Thor Kimmel*
             CRAIG THOR KIMMEL, Esquire
             Kimmel & Silverman, P.C.
             30 East Butler Pike
             Ambler, Pennsylvania 19002
             Phone: (215) 540-8888
             Facsimile: (877) 788-2864
             Email: kimmel@creditlaw.com

Dated: September 30, 2015

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing Memorandum of Law in in Response to Defendant's Motion to Compel Arbitration and to Stay was served on this date via the electronic filing system addressed to the filing:

Aaron R. Easley, Esq.
SESSIONS FISHMAN NATHAN &ISRAEL LLC
3 Cross Creek Dr.
Flemington, NJ 08822-4938
Email: aeasley@sessions-law.biz

              By: /s/ *Craig Thor Kimmel*
              CRAIG THOR KIMMEL, Esquire

Dated: September 30, 2015